**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **IGNACIO RUBEN OSUNA GARCIA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Case No. CIV-26-2570-J** |
| **v.** | ) | |
| | ) | |
| **FRED FIGUEROA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Ignacio Ruben Osuna Garcia, a non-citizen proceeding with counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE").[1] (Doc. 1). United States District Judge Bernard M. Jones, II, referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). (Doc. 3). Before the Court is Petitioner's *Ex Parte* Emergency Motion for Temporary Restraining Order and Stay of Removal. (Doc. 11). Respondents filed a response. (Doc. 13). As fully set forth below, the undersigned recommends that the motion be **DENIED.**

## I. Petitioner's Motion Should Be Denied.

On September 21, 2026, the Court issued an order requiring Respondents to file written notice at least seventy-two hours before removing, transferring, relocating, or

---

[1] Petitioner is housed at the Diamondback Correctional Facility in Watonga, Oklahoma. (Doc. 1, at 2).

otherwise moving Petitioner. (Doc. 8, at 2). On September 29, 2026, Petitioner filed the instant motion, alleging that his "counsel received an electronic notification through the Immigration and Customs Enforcement and Removal Operations ["ICE-ERO"] website . . . that Respondents intend to transfer Petitioner out of the territorial jurisdiction of the Western District of Oklahoma and to the Prairieland Detention Center in Dallas, Texas in violation of this Court's order."[2] (Doc. 11, at 2).

Petitioner asks the Court to order Respondents: (1) "to refrain from transferring [him] out of the territorial jurisdiction of the Western District of Oklahoma;" (2) "to return [him] to the territorial jurisdiction of the Western District of Oklahoma;" (3) "to refrain from any action to effectuate [his] removal from the United States prior to a decision on the merits of his petition for a writ of habeas corpus." (*Id.* at 9).

In their September 30, 2026, response, Respondents' counsel asserts that due to "incorrect[] and inadvertent[] archiv[ing] . . . . [he] neglected to forward a copy of the Court's order to ICE for dissemination." (Doc. 13, at 2). Respondents also noted that ICE-ERO intended to return Petitioner to Diamondback Correctional Facility. (*Id.* at 3). But Respondents are opposed to the entry of an order prohibiting future transfer or removal

---

[2] Additionally, Petitioner "fears that Respondents will try to remove him to a third country without first providing him with a meaningful notice and opportunity to raise fear-based claims against removal to that third country." (*Id.* at 3). Petitioner "also challenges the process by which respondent has employed and continues to employ in its providing Mr. Osuna Garcia with a meaningful opportunity to present a claim of fear of torture or persecution as to an unknown third-country in accordance with the Immigration and Naturalization Act and Foreign Affairs Reform Restructuring Act of 1998 (FARRA)." (*Id.* at 3-4). And he challenges "his unlawful re-detention and arbitrary revocation of his order of supervision by Respondents." (*Id.* at 4).

efforts. (*Id.* at 4-5). In their October 5, 2026, response to the Petition, Respondents' counsel advised that Petitioner had been returned to Diamondback Correctional Facility. (Doc. 14, at 4 n.2).

Petitioner's request that he be returned to the territorial jurisdiction of the Western District of Oklahoma is moot. The remainder of Petitioner's requested relief is outside of this Court's jurisdiction. Federal law strips federal district courts of jurisdiction to consider "any cause or claim by or on behalf of any alien arising from the decision or action by [the Department of Homeland Security ("DHS")] to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). In the Tenth Circuit, a court must review whether a habeas petitioner's claims are "connected directly and immediately with a decision or action by the Attorney General" to commence proceedings, adjudicate cases, or execute removal orders. *Tsering v. U.S. Immigr. & Customs Enf't*, 403 F. App'x 339, 343 (10th Cir. 2010). An order by this Court prohibiting Petitioner's removal would directly relate to a decision to execute removal orders. *See Olola v. U.S. Att'y Gen.*, No. 18-CV-00058, 2018 WL 11446892, at *3 (D. Colo. Feb. 22, 2018) ("Federal law unambiguously strips federal district courts of jurisdiction to stay or enjoin an alien's removal.") (citation modified); *see also, e.g., Makuey v. Scott*, No. 2:26-CV-00632, 2026 WL 925647, at *4 (W.D. Wash. Apr. 6, 2026) (holding the court lacks jurisdiction to stay petitioner's removal under § 1252(g)); *Hernandez Llanes v. Warden, Fla. Soft Side Det. Ctr.*, No. 2:26-CV-1030, 2026 WL 925615, at *2 (M.D. Fla. Apr. 6, 2026) (same). Accordingly, § 1252(g) strips the Court of jurisdiction to consider Petitioner's request to prohibit his removal.

Additionally, the decision regarding where to detain non-citizens awaiting removal proceedings is a discretionary power of the Secretary of DHS, 8 U.S.C. § 1231(g)(1), which this Court lacks jurisdiction to review. 8 U.S.C. § 1252(a)(2)(B)(ii). *See Van Dinh v. Reno*, 197 F.3d 427, 433 (10th Cir. 1999) (observing that "the Attorney General is mandated to arrange for appropriate places of detention for [persons] detained pending removal" and holding in a civil rights lawsuit "a district court has no jurisdiction to restrain the Attorney General's power to transfer [ICE detainees] to appropriate facilities by granting injunctive relief"); *see also Lway Mu v. Whitaker*, 18-cv-06924, 2019 WL 2373883, at *5 (W.D.N.Y. June 4, 2019) (citing § 1231(g)(1) and concluding "it does not have the authority to dictate to DHS where Petitioner should be housed"); *Olola v. U.S. Att'y Gen.*, No. 18-CV-00058, 2018 WL 11446892, at *4 (D. Colo. Feb. 22, 2018) (finding that under § 1252(a)(2)(B)(ii) and § 1231(g) "decisions to transfer an alien from one location to another are within the discretion of the Attorney General and therefore may not be reviewed or enjoined by the federal district courts"). Therefore, the undersigned concludes the Court does not have jurisdiction to prohibit Petitioner's transfer to another ICE facility. The Court notes that "jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985). Thus, this Court will not be divested of jurisdiction over this matter if Petitioner is transferred from this district.

For the reasons stated above, Petitioner's motion should be denied.

## II. Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petitioner's *Ex Parte* Motion for Temporary Restraining Order and Stay of Removal, (Doc. 11), should be **DENIED.**

**The Court advises the parties of their right to object to this Report and Recommendation by October 21, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The Court advises the parties that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral to the undersigned Magistrate Judge.

**ENTERED** this 7th day of October, 2026.

Amanda L. Maxfield

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE